

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Appellate Section*  *Telephone (202) 616-2625*
*P.O. Box 7415*  *Facsimile (202) 353-1873*
*Ben Franklin Station*
*Washington, DC 20044*

<u>Via CM/ECF</u>

June 28, 2024

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re: *WildEarth Guardians et al. v. U.S. Forest Service et al.* (No. 23-35352) (oral argument held on May 22, 2024, before Judges Bybee, Friedland, and Miller; case decided June 18, 2024): FRAP 28(j) letter

Dear Ms. Dwyer:

  On June 18, 2024, this Court concluded that Appellants failed to establish that any "new information" alleged in their complaint could require Federal Appellees to reinitiate consultation under the Endangered Species Act (ESA) on the Forest Service's 1995 National Policy statement of deferral to states to regulate the use of bait in hunting. On Appellants' claim that the grizzly bear's expanded range compelled reinitiation, the Court explained that it "ha[s] never held, nor do the plaintiffs direct our attention to any case holding, that an *increase* in population requires re-consultation." On Appellants' reference to grizzly bear killings in 2007 and earlier, the Court explained that Appellants "offer no criteria to determine what level of mortality would constitute 'new information' requiring re-consultation," noting that Appellants stated at oral argument that they do not rely on the "taking" trigger of 50 C.F.R. § 402.16(a).

  Also on June 18, 2024, the Idaho Department of Fish and Game (IDFG) announced that a subadult male grizzly bear was mistaken as a black bear and killed by a hunter over a bait site on National Forest System land. The hunter self-reported the incident to IDFG, the entity responsible for managing hunting

practices within Idaho. *See* https://idfg.idaho.gov/article/fg-concludes-investigation-panhandle-region-grizzly-bear-shooting. IDFG has concluded its investigation, and it has not filed any state charges.

Grizzly bears in Idaho remain protected under the federal ESA, and it remains illegal to take a grizzly bear there without authorization. *See* 16 U.S.C. § 1538(a)(1)(B); 50 C.F.R. § 17.40(b). The U.S. Fish and Wildlife Service, which investigates and enforces unauthorized taking under the ESA, is still investigating the incident.

Federal Appellees believe this incident is not material to the Court's decision, as Appellants do not rely on the "taking" trigger of 50 C.F.R. § 402.16(a), nor does it alter the Court's conclusion that Appellants "offer no criteria to determine what level of mortality would constitute 'new information' requiring re-consultation." Federal Appellees are notifying the Court of this incident nonetheless out of an abundance of caution—and are doing so as soon as reasonably practicable given the ongoing investigation.

Sincerely,

*/s/ Amy E. Collier*

Amy E. Collier
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 616-2625
amy.collier@usdoj.gov

Counsel for Federal Appellees

cc: Counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

      This letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 because the body of the letter contains 343 words. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the letter has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

      */s/ Amy E. Collier*
      Amy E. Collier

      Counsel for Federal Appellees